The first case this morning is 523-0439, People v. Saucedo-Nava. Arguing for the appellant is Maximilian Hughes-Zehner. Arguing for the appellee is Sharon Shanahan. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is allowed to record these proceedings today. Good morning. I apologize for the slight delay. Part of that was my fault. We got new computers last month. This is my first time using the Zoom with the new computers, and I had to install some updates, and I couldn't get my speaker to work, and my microphone didn't sound right. So part of it was me trying to find all the new settings on the new computer. So I apologize for the delay. But we are excited to hear your arguments. Mr. Hughes-Zehner, are you ready to proceed? Yes, Your Honor. All right. May he do so. Thank you. May it please the court. My name is Max Hughes-Zehner, and I represent the appellant, Carlos Sacedo-Nava, in this matter. I'm happy to answer questions on either of the issues, but I'd like to focus on the first issue, which involves compulsory rejoinder, speedy trial, and ineffective assistance of counsel. The state is only contesting the application of the compulsory rejoinder statute, not speedy trial or ineffective assistance. So I'd like to just talk about compulsory rejoinder. The state charged Sacedo-Nava with aggravated domestic battery with great bodily harm. But one week before trial, and for no reason other than to take Sacedo-Nava by surprise, the state added aggravated domestic battery with exceptionally brutal or heinous conduct. This defeats the purpose of compulsory rejoinder, despite the state's attempt to characterize the new charge as a sentencing enhancement. So the purpose of the compulsory rejoinder statute is to prevent state from lulling the defendant into acquiescing into pretrial delays on pending charges while it prepared for trial on more serious, not yet pending charges. Compulsory rejoinder requires the state to join all known charges, which are based on the same act, within a single prosecution. So when the state adds new and additional charges, those new charges are subject to compulsory rejoinder when they arise from the same facts as the initial charges, and the state had knowledge of those facts at the time that it commenced the prosecution. Here, the new charges, or the new charge, arose from the same facts as the initial two charges, and the state had knowledge of those facts when it commenced the prosecution. No matter how the state characterizes the new charge, it understood that it had to be included in the charging document, submitted to the finer of fact and proved beyond a reasonable doubt. This is because the new charge contained an additional alleged fact that doubled the maximum sentence that Salcedo-Nava could receive. The U.S. Supreme Court in Apprendi v. New Jersey held that when these additional alleged facts are involved, which increase the legally prescribed range of allowable sentences, those new facts constitute elements of separate aggravated offenses. So, the state here attempted to circumvent the principles of compulsory rejoinder and speedy trial by surprising Salcedo-Nava one week before trial with a new and additional charge that significantly increased the sentence he could receive. I'm going to stop you there, counsel, because you just said a magic word there when you say surprise. If this happened one week before trial, I'm assuming that the photographs had been turned over through discovery, medical records had already been turned over through discovery, there was nothing that was left or nothing that the state needed to turn over that was withheld until a week before trial, correct? That is correct. Okay. So, basically, the defense knew what was going to happen as far as the case other than when they filed that new count, correct? That is correct. Thank you. What that new count did, however, was it changed the focus of the trial. Great bodily harm involves the injury, and so all the things that you mentioned, the photographs, the information about the injuries, that all is related to great bodily harm. However, when we talk about exceptionally brutal or heinous behavior indicative of wanton cruelty, we are changing it to a focus on the mental state of Salcedo-Nava, and all of a sudden there's more of a focus on what happened before the incident and what happened after the incident to provide context on his mental state. So, for example, there is a difference between a crime of passion and a premeditated cold-blooded beating. That is what Salcedo-Nava was surprised by. When the state added this new count, it changed the nature of his defense. Because all of a sudden he had to focus on these other things, and he had seven days to prepare for that, whereas the state had 206. So when the state does this, it circumvents the principles of compulsory rejoinder and speedy trial. The new charge was subject to compulsory rejoinder because it contained that additional alleged fact that increased the legally prescribable range of allowable sentences. So it reverted back to the time that the state commenced its prosecution and originally charged Salcedo-Nava, which, as I mentioned, was 206 days prior. Even though Salcedo-Nava obtained continuances on the initial charges, those continuances couldn't be attributed to him on the new charge. So his 120-day speedy trial timer had expired at that point. So the state violated Salcedo-Nava's right to a speedy trial, and that new count, that new charge, should have been dismissed, which is why Salcedo-Nava's trial counsel was ineffective for failing to move to dismiss that charge when it violated his right to a speedy trial when it was subject to compulsory rejoinder. Are there no further questions? No. I will reserve any further remarks for rebuttal. Thank you. Ms. Shanahan, are you ready to proceed? Yes, Your Honor. All right. Can we do so? May it please the court, counsel, my name is Sharon Shanahan, and I represent the people of the state of Illinois. A briefest of summaries of the state's position in this case is this. The state did not file a new and additional charge, so count three is not subject to compulsory rejoinder. Since it's not subject to compulsory rejoinder, the speedy trial term had not expired. Since the speedy trial term had not expired, counsel was not ineffective for not failing a motion to dismiss. That's kind of the state's argument in a nutshell. I'd like to begin with the statute that I believe controls this case, which is 725 ILCS 5-11-3C-5, and here's what it says. Notwithstanding any other provision of law, in all cases, if an alleged fact other than the fact of a prior conviction is not an element of an offense, but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be opposed for the offense, the alleged fact must be included in the charging instrument or otherwise provided to the defendant through a written notification before trial. Now, that statute is post-apprendi. And in order to accept the defendant's argument, what she actually makes that basically every post-apprendi case is not valid under his argument, you have to say Delapause is not good law. You have to say this statute is not good law. You have to say that these cases have been on the books for two decades, and suddenly they're not valid anymore. There are two things in subsection C-5 that defendant either overlooks or misstates. Defendant repeatedly in his opening brief and his reply brief before his court in oral argument states that these facts must be included in the charging document. It doesn't have to be included in the charging document. It was in this case, but the statute that I just read says must be included in the charging document or otherwise provided to the defendant through a written notification before trial. I think this is important in and of itself because we've all seen these notices in records as we've all read them over the years that say something simple like the state notifies the defendant that it intends to pursue an enhanced sentence because of brutal and heinous behavior. It's just a notification, and it doesn't have to be in the charging instrument. And I think that in and of itself speaks worlds to the fact that this is not a new charge. The other thing is that I've lost my place here. So the state is not required or bound, which are words defendant uses, to amend this information. Now, again, referring back to, I think it's kind of interesting that defendant's opening brief doesn't even mention Apprendi. But what we've got to look at here is Apprendi. When I sent this brief to my boss, he said, man, I was beginning to think I wouldn't have to ever deal with Apprendi. But it comes back, and it comes back, and it comes back. And Apprendi deals with sentencing factors, sentencing factors that increase the sentence. And those factors must be presented to a jury. They were. I mean, this was, well, the fact finder. This was a bench trial, but they were most definitely presented to the fact finder in this case. And he did rule on them. And it's pretty obvious if you look at the Supreme Court's decision in Delapause that the fact finder doesn't even reach the brutal and heinous conclusions until and unless they have already found the defendant guilty of the underlying charge, which in this case was aggravated domestic battery. So it is, as stated in C-5, a sentencing factor, and it does not add, it's not a new charge. I think People v. Davis, which is discussed in depth in the state's brief, is directly on point. It is the only case cited by either one of us that deals with the effect of an enhanced sentencing factor on speedy trial. Now, the defendant says we shouldn't pay any attention to Davis at all because it dealt with 111-3C, which deals with the factor that that apprentice told us didn't need to be proved to a jury. But that's not a surprise. The state discussed that distinction in its answer brief. And as I said, it deals with C-5, which I just read to this court at the beginning of my argument, which specifically says that it is not an element of an offense, but is sought to be used to increase the range of penalties. That's exactly what this is. And I think, therefore, Davis is precisely on point. The application of Apprendi in Delapaz, Forkham, and Jett is relevant, and this simply wasn't an additional element of this crime. The only thing I have to say about the second issue, and I just can't help myself, I have to, the defendant argues that he was remorseful. And I have to quote one of my favorite literary characters, Rhett Butler, when he said, You're like the thief who isn't the least bit sorry he stole, but is terribly, terribly sorry he's going to jail. That's the remorse that this defendant had. He didn't even want his girlfriend's mother and grandmother to take her to the hospital to call the police or anything. He just kind of tossed her out and let her go. If there are no other questions. To that point, if I remember reading, seeing something, was it not something introduced where there were phone calls recorded between him and either his mother or some family member where they were trying to manipulate the witness to either not testify or to testify untruthfully, things such as that, if I'm remembering correctly? Yes, Your Honor. Common, I think, in domestic battery cases. And again, I'm not trying to ask all the questions, but if I'm trying to remember correctly, she was induced coma 40 some odd days, correct? She was an induced coma. She was in Barnes Hospital in St. Louis for 42 days. Okay. I don't know that she was in an induced coma for that whole, a coma for that whole 42 days. Okay. Thank you. Questions just as barbarous. No, thank you. All right. Thank you. Rebuttal. Yes, Your Honor. The state focuses on 725 ILCS 5 slash 111 3 C5. And I want to call attention to the language of that statute, which says if. Keyword there is if an alleged fact is not an element of an offense. Well, as I discussed. Apprendi states that these. Additional alleged facts, which increase the legally prescribable or prescribed range of an allowable sentence is an element. Of a separate and aggravated offense. And the state makes the same argument that the state in Apprendi made that New Jersey made in Apprendi. The state in Apprendi said that the required finding of this additional fact, which in that case was had to do with a bias motive. Is not an element of the crime, but rather it's simply a sensing factor. Well, the court expressly rejects or rejected that argument and stated that the relevant inquiry is not one of form, but of effect. Does the required finding so in this case, exceptionally brutal or heinous conduct. Does that required finder finding expose the defendant to a greater punishment than that authorized by the finder of facts guilty determination. The answer is yes, and the US Supreme Court went on to say that merely because the state legislature placed its sentence enhancer. Within the sentencing provisions of the criminal code does not mean that the finding of that additional fact is not an essential element of the offense. The state sites people versus Davis as instructive, but as I went over in the reply brief. Davis is wholly inapplicable because it deals with a fact of prior conviction, which both the statute that the state sites and Apprendi. Exclude from this rule because presumably the defendant knows about their prior convictions and understands that these prior convictions and lead to a greater punishment. As I mentioned in my opening. The state surprise because all of a sudden the trial was not about the injury sustained by the complainant. It was not about the amount of time that she spent in the hospital or the photos. It was about what his mental state was, which is why the state had to include that in the charging document submitted to the finder of facts and prove it beyond a reasonable doubt. Davis does not apply here because that involved a prior conviction. This is an additional alleged fact, which is not a prior conviction, which had the effect of increasing the maximum sentence that could receive. The U.S. Supreme Court and Apprendi says that that is an element of a new and additional offense. And because it is an element of a new and additional offense, it was subject to convulse rejoinder. Since it was subject to convulse rejoinder, it reverted back to when the state initially charged Sacedo-Nava, which was 206 days. So the speedy trial timer or this speedy trial term had expired by that point. Because Sacedo-Nava's trial counsel did not recognize that and did not move to dismiss that, she was ineffective. If there are no further questions, then I will submit the case for decision. All right. Thank you. Questions, Justice Bouie? No questions. Justice Barberos? None. All right. Appreciate your arguments. Horrible facts in this case, but interesting legal questions. We will take the matter under advisement and issue a decision in due course. Thank you.